# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2019 11:29 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  Alan Harris (SBN 146079)
   David Garrett (SBN 160274)
2  Min Ji Gal (SBN 311963)
   HARRIS & RUBLE
3  655 North Central Avenue 17th Floor
   Glendale California 91203
4  Tel: 323.962.3777
   Fax: 323.962.3004
5  harrisa@harrisandruble.com
   dgarrett@harrisandruble.com
6  mgal@harrisandruble.com

7  Attorneys for Plaintiff Karl Larsen

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11  KARL LARSEN, individually, and on behalf of      Case No: 19STCV12621
    all others similarly situated,                   *Assigned to the Hon. Dennis J. Landin*
12
                Plaintiff,                            **FIRST AMENDED COMPLAINT**
13                                                    [*PAGA Representative Action*]
    v.
14
    COLEMAN - RAYNER, LLC, a California              1.  Cal. Lab. Code §§ 201, 202 and 203,
15  Limited Liability Company; MARK                       Continuing Wages
    COLEMAN, an individual; JEFF RAYNER, an
16  individual; and DOE 1 through DOE 10,           2.  Cal. Lab. Code § 226(a), Failure to Provide
                                                         Compliant Pay Stubs
17              Defendants.
                                                     3.  Cal. Lab. Code §§ 510 and 1198, Failure to
18                                                       Pay Overtime

19                                                   4.  Cal Lab. Code §§ 1194, 1197 and 1197.1,
                                                         Failure to Pay Minimum Wages
20
                                                     5.  Cal. Lab. Code § 226.7 and 512(a), Failure to
21                                                       Provide Meal Breaks

22                                                   6.  Cal. Lab. Code § 226.7, Failure to Provide
                                                         Rest Breaks
23
                                                     7.  Cal. Bus. & Prof. Code § 17200, Unfair
24                                                       Competition

25                                                   8.  Cal. Lab. Code § 226(b), Failure to Provide
                                                         Employment Records
26
                                                     9.  Cal. Lab. Code § 1198.5, Failure to Provide
27                                                       Employment Records

28                                                   10. Cal. Lab. Code § 2802, Failure to Reimburse



Business Expenses

11. Cal. Lab. Code §§ 2698 et seq., PAGA

12. Breach of Contract

13. Request for Accounting

**JURY TRIAL DEMANDED**

1    Plaintiff Karl Larsen ("Larsen" or "Plaintiff"), by and through his undersigned attorneys, alleges

2    as follows:

3                                    **JURISDICTION AND VENUE**

4    1.    This is a civil action brought under the California Labor Code (the "Code"), seeking

5    unpaid wages, damages, civil penalties, statutory penalties and attorneys' fees and costs. This is also a

6    representative action brought under the Private Attorneys General Act ("PAGA") §§ 2698 et seq. Venue

7    as to Defendants is proper in this judicial district, pursuant to California Code of Civil Procedure

8    sections 395(a) and 395.5. Defendants maintain an office, transact business, have an agent, or are found

9    in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of

10   process. The violations of the PAGA alleged herein had a direct effect on and were committed within

11   the State of California, impacting Plaintiff and the Aggrieved Employees.

12                                        **THE PARTIES**

13   2.    Plaintiff Karl Larsen is an individual, who, during the time periods relevant to this

14   Complaint, was and is a resident of the State of California.

15   3.    Defendant Coleman – Rayner, LLC ("CR") is a California limited liability company,

16   which at all times relevant herein, conducted business within the State of California.

17   4.    Defendant Mark Coleman ("Coleman") is an individual who at times relevant herein,

18   conducted business within the County of Los Angeles. Coleman is an owner and member of CR who is

19   largely responsible for the day-to-day operations of CR, including payments to Plaintiff and Aggrieved

20   Employees.

21   5.    Defendant Jeff Rayner ("Rayner") is an individual who at times relevant herein,

22   conducted business within the County of Los Angeles. Rayner is an owner and member of CR who is

23   largely responsible for the day-to-day operations of CR, including payments to Plaintiff and Aggrieved

24   Employees.

25   6.    Defendants Doe One through and including Doe Ten are sued herein under the provisions

26   of section 474 of the California Code of Civil Procedure. Plaintiff is unaware of the true names,

27   identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants,

28   but leave of Court will be prayed to amend this pleading to insert the same herein when finally

1    ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named

2    Defendants is an entity, which during the relevant time period maintained a place of business in the

3    County of Los Angeles of the State of California.

4         7.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

5    Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-

6    Defendants as aforesaid, when acting as a principal, were negligent and reckless in the selection and

7    hiring of each and every other Defendants as an agent, servant, employee, corporate officer, and/or joint

8    venture, and that each and every Defendant ratified the acts of the co-Defendants.

9    **GENERAL ALLEGATIONS**

10        8.     Plaintiff Karl Larsen is a photographer for CR, which is a news and picture agency, in the

11   business of selling photographs to various media outlets.

12        9.     Plaintiff worked for CR from early 2014 through at least approximately April 12, 2018.

13   From the very beginning, CR, Coleman and Rayner improperly classified him as an independent

14   contractor rather than as an employee. Plaintiff took direction from Defendants on what subjects to

15   photograph, what methods to use to secure certain kinds of pictures that were difficult to obtain and so

16   on. Plaintiff retained no ownership over any of the photographs he took as those had been assigned to

17   his employer Defendants.

18        10.    Defendants paid Plaintiff a set amount of funds regardless of how much work he did.  In

19   many instances he would need to spend over 16 hours per day in a "stake out" to be able to secure

20   elusive photographs that would sell for thousands of dollars to media outlets.  Plaintiff and Defendants

21   had an agreement in which Defendants would pay Plaintiff a percentage of the amount that the

22   photographs would fetch but he was frequently paid less than the agreed-on percentage, or the

23   photographs would be sold at a gross discount, in which Defendants would recoup their portion of the

24   discount through future business with the media outlets but would leave Plaintiff with substantially less

25   than if the pictures had been sold at fair value.

26        11.    Accordingly, Plaintiff was not paid for all hours worked, all overtime worked, was not

27   provided with meal periods or rest breaks.

28        12.    Moreover, after Plaintiff was hired he was told that he was required to use his own

1  photography equipment and was not reimbursed for such necessary business expenses including

2  equipment, car, phone, and travel expenses and expenses incurred to gain entry to locations in order to

3  take certain pictures.

4      13.     Karl was terminated on or after April 12, 2018. At that time, he was not immediately

5  presented with his final wages. To date, he has not been paid for all hours worked, and commissions

6  owed.

7      14.     Defendants employed Plaintiff and other persons who were improperly misclassified as

8  independent contractors, from the period starting one year prior to the filing of the LWDA notice, on

9  March 28, 2019 (hereinafter "Aggrieved Employees").

10     15.     At all relevant times mentioned herein, Wage Order 4 of the California Industrial Welfare

11 Commission applied to Plaintiff and Aggrieved Employees who performed services as photographers.

12 In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time

13 pay, records, meal periods and rest periods (obligations which the employer, here, failed to fulfill, both

14 with respect to Plaintiff and Aggrieved Employees). The Wage Order provides, in relevant part:

15     **3. Hours and Days of Work.**
16     (A) Daily Overtime - General Provisions
       (1) The following overtime provisions are applicable to employees 18 years of age or
17     over and to employees 16 or 17 years of age who are not required by law to attend
       school and are not otherwise prohibited by law from engaging in the subject work. Such
18     employees shall not be employed more than eight (8) hours in any workday or more than
       40 hours in any workweek unless the employee receives one and one-half (1.5) times
19     such employee's regular rate of pay for all hours worked over 40 hours in the workweek.
       Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in
20     any workday or more than six (6) days in any workweek is permissible provided the
21     employee is compensated for such overtime not less than:
       (a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked
22     in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for
       the first eight (8) hours worked on the seventh (7th) consecutive day of work in
23     a workweek; and
       (b) Double the employee's regular rate of pay for all hours worked in excess of twelve
24     (12) hours in any workday and for all hours worked in excess of eight (8) hours on the
25     seventh (7th) consecutive day of work in a workweek.
       (c) The overtime rate of compensation required to be paid to a nonexempt full-time
26     salaried employee shall be computed by using the employee's regular hourly salary as one
       fortieth (1/40) of the employee's weekly salary.
27     . . .

28

### 7. Records.

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

. . .

### 11. Meal Periods

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

(D) Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer. The employee may revoke the waiver at any time by providing the employer at least one (1) day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such a waiver is in effect.

## 12. **Rest Periods**

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

Cal. Code Regs., Title 8, § 11040.

16.    At all times relevant herein, section 201 of the Code provided in part:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. An employer who lays off a group of employees by reason of the termination of seasonal employment in the curing, canning, or drying of any variety of perishable fruit, fish, or vegetables, shall be deemed to have made immediate payment when the wages of said employees are paid within a reasonable time as necessary for computation and payment thereof; provided, however, that the reasonable time shall not exceed 72 hours, and further provided that payment shall be made by mail to any employee who so requests and designates a mailing address therefor. 4.

Code § 201.

17.    At all times relevant herein, section 202 of the Code provided in part:

(a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention

to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

Code § 202.

18.    Defendants employed Plaintiff and Aggrieved Employees to work as faux independent contractors, yet Defendants failed to timely pay them or to pay various taxing authorities on their behalf, all in violation, inter alia, of Code sections 201 and 202.

19.    At all relevant times mentioned herein, section 203 of the Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Code § 203. By failing to pay Plaintiff and Aggrieved Employees all wages when due at termination or resignation, they are entitled to continuing wages pursuant to sections 203 and 1197.1(a) of the Code.

20.    At all times relevant herein, section 204 of the Code provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

21.    In no event should Plaintiff or the Aggrieved Employees have been paid all earned wages later than the time periods established by sections 201, 202 or 204 of the Code.

22.    At all relevant times mentioned herein, section 226 of the Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-

8
COMPLAINT

rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Code § 226. Defendants employed Plaintiff and other Aggrieved Employees, but, in all cases, Defendants failed to provide them with the data required by section 226(a) of the Code. All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and other Aggrieved Employees insofar as they were deprived of information to which they were legally entitled.

23.     Plaintiff and other Aggrieved Employees were not timely paid all minimum wages to which they were entitled in violation of Code §§ 1194, 1197 and 1197.1 and were not paid all overtime wages. Both late payment and nonpayment of minimum wages for all hours worked violates the minimum wage statute.

24.     At all relevant times mentioned herein, section 510(a) of the Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an

employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Code § 510.

25.    In regard to the employment of Plaintiff and other employees, the provisions of subparagraphs (1) and (2) of section 510 of the Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 or pursuant to a collective bargaining agreement.

26.    At all relevant times mentioned herein, section 1194 of the Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Code § 1194.

27.    Defendants failed to provide Plaintiff and other Aggrieved Employees timely and uninterrupted meal and rest breaks. At all relevant times mentioned herein, section 226.7 of the Code provided:

(a) As used in this section, "recovery period" means a cool down period afforded an employee to prevent heat illness.

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Code § 226.7. Moreover, at all relevant times mentioned herein section 512(a) of the Code provided:

An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by

1    mutual consent of the employer and the employee only if the first meal period was
not waived.

2    Code § 512.

3        28.    At all relevant times mentioned herein, section 2802 of the Code provided:

4
(a) An employer shall indemnify his or her employee for all necessary expenditures or
5    losses incurred by the employee in direct consequence of the discharge of his or her
duties, or of his or her obedience to the directions of the employer, even though unlawful,
6    unless the employee, at the time of obeying the directions, believed them to be unlawful.
(b) All awards made by a court or by the Division of Labor Standards Enforcement for
7    reimbursement of necessary expenditures under this section shall carry interest at the
same rate as judgments in civil actions. Interest shall accrue from the date on which the
8    employee incurred the necessary expenditure or loss.
(c) For purposes of this section, the term "necessary expenditures or losses" shall include
9    all reasonable costs, including, but not limited to, attorney's fees incurred by the
10   employee enforcing the rights granted by this section.
(d) In addition to recovery of penalties under this section in a court action or proceedings
11   pursuant to Section 98, the commissioner may issue a citation against an employer or
other person acting on behalf of the employer who violates reimbursement obligations for
12   an amount determined to be due to an employee under this section. The procedures for
issuing, contesting, and enforcing judgments for citations or civil penalties issued by the
13   commissioner shall be the same as those set forth in Section 1197.1. Amounts recovered
14   pursuant to this section shall be paid to the affected employee.

15   Cal. Lab. Code § 2802. Defendants failed to pay Plaintiff and other Aggrieved Employees for necessary

16   business expenses incurred on the job, such as gasoline, equipment and use of a personal cellphone for

17   work.

18       29.    At all relevant times mentioned herein, section 558 of the Code provided:

19
Any employer or other person acting on behalf of an employer who violates, or causes to
20   be violated, a section of this chapter or any provision regulating hours and days of work
in any order of the Industrial Welfare Commission shall be subject to a civil penalty as
21   follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for
each pay period for which the employee was underpaid in addition to an amount
22   sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred
dollars ($100) for each underpaid employee for each pay period for which the employee
23   was underpaid in addition to an amount sufficient to recover underpaid wages.  (3)
24   Wages recovered pursuant to this section shall be paid to the affected employee.

25   Cal. Lab. Code § 558. Defendants are the employers or other persons acting on behalf of an employer

26   who violated, or caused to be violated the relevant sections of the Code referenced herein.

27       30.    At all relevant times mentioned herein, section 558.1 of the Code provided:

28
(a) Any employer or other person acting on behalf of an employer, who violates, or

11
COMPLAINT

causes to be violated,  any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code § 558.1. Defendants are joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein.

31.     The test for whether a worker is an employee or independent contractor for claims asserted under California wage and hour laws is now the ABC Test. Dynamex Operations West v. Superior Court, 4 Cal. 5th 903, 916 (2018) reh'g denied (June 20, 2018).  A hiring entity must establish each of the three prongs of the ABC test in order to demonstrate that a worker is an independent contractor:

(A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

Id. at 916–17.

32.     However, Plaintiff and Aggrieved Employees were controlled and directed on a day-to-day basis by Coleman and Rayner with respect to the photographs they should take, the means by which they should secure the photographs, and what expenditures they should make in pursuit of certain photographs.

33.     Plaintiff and Aggrieved Employees took photographs for Defendants and Defendants' business is to sell such photographs to media outlets.  Coleman and Rayner would take photographs personally from time to time.  Plaintiff and Aggrieved Employees were employed in the main function of Defendants' business.

34.     Plaintiff and Aggrieved Employees were not engaged in an independently established trade, occupation or business of the same nature as the work performed for Defendants because Plaintiff

1    and Aggrieved Employees were required to work exclusively for Defendants.

2        35.    All Defendants controlled Plaintiff and Aggrieved Employees' rate of compensation,

3    whether such employees would be paid at all and when payment would be made.

4        36.    Plaintiff believed he would be employed by Defendants and was surprised when he

5    received checks with no deductions for taxes.

6
7                            **FIRST CAUSE OF ACTION**
                    (Continuing Wages, California Labor Code § 201, 202, 203
8           On Behalf of Plaintiff And Aggrieved Employees Against All Defendants)

9        37.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

10   Complaint as though fully set forth herein.

11       38.    Defendants employed Plaintiff and Aggrieved Employees but improperly classified them

12   as independent contractors.

13       39.    Defendants' failure to compensate Plaintiff and Aggrieved Employees all earned but

14   unpaid wages within the time for which provision is made by section 201 and 202 of the Code, despite

15   their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

16       40.    Pursuant to section 203 of the Code, Plaintiff is entitled to continuing wages from

17   Defendants in an amount according to proof, at least $10,000.  Plaintiff is also entitled to recover costs

18   and reasonable attorneys' fees under section 218.5 of the Code.

19                          **SECOND CAUSE OF ACTION**
                     Failure to Provide Pay Stubs, Cal. Lab. Code § 226(a)
20          On Behalf of Plaintiff and the Aggrieved Employees Against All Defendants)

21       41.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

22   Complaint as though fully set forth herein.

23       42.    Defendants failed to provide Plaintiff and Aggrieved Employees with wage statements

24   conforming to the requirements of section 226(a) of the Code.

25       43.    The foregoing was intentional misconduct of Defendants that injured Plaintiff and

26   Aggrieved Employees insofar as they were deprived of information to which they were legally entitled,

27   including but not limited to, hours worked, the inclusive dates of the pay period, the name and address

28

1    of the legal entity that is the employer, and all applicable rates of pay. Defendants failed to provide a

2    wage statement at all.

3        44.    The failure of Defendants to provide wage statements violates section 226(a) of the Code.

4    The failure to provide Plaintiff and Aggrieved Employees with compliant wage statements caused them

5    injury by depriving them of information to which they are legally entitled.  Accordingly, Plaintiff is

6    entitled to damages in an amount according to proof and costs and reasonable attorney's fees in

7    accordance with the provisions of Code section 226(e), all in a sum according to proof.  Plaintiff is

8    entitled to at least $50, not including interest thereon, reasonable attorneys' fees and cost of suit.

9
10
11
**THIRD CAUSE OF ACTION**
(Damages for Unpaid Overtime Compensation,
California Labor Code §§ 510 and 1198
On Behalf of Plaintiff And Aggrieved Employees Against All Defendants)

12       45.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

13   Complaint as though fully set forth herein.

14       46.    Defendants in classifying Plaintiff and Aggrieved Employees as nonexempt did not

15   compensate them for overtime hours worked beyond 8 hours in a day or 40 hours per week.

16       47.    Plaintiff is entitled to recover liquidated damages under section 1194.2 of the Code in an

17   amount according to proof, and Plaintiff is entitled to at least $50,000.  Plaintiff is also entitled to

18   recover costs and reasonable attorneys' fees under section 1194 of the Code.

19
20
21
**FOURTH CAUSE OF ACTION**
(Damages for Unpaid Minimum Wage Compensation,
California Labor Code §§ 1194, 1197, and 1197.1
On Behalf of Plaintiff And Aggrieved Employees Against All Defendants)

22       48.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

23   Complaint as though fully set forth herein.

24       49.    Defendants, in classifying Plaintiff and Aggrieved Employees as independent contractors

25   rather than nonexempt employees did not compensate them for hours worked beyond 8 hours in a day or

26   40 hours per week.

27

28

50.     Plaintiff is entitled to recover liquidated damages under section 1194.2 of the Code in an amount according to proof.  Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 1194 of the Code, a sum of at least $1,000.

### FIFTH CAUSE OF ACTION
(Failure to Provide Meal Breaks, Cal. Lab. Code §§ 226.7 and 512
On Behalf of Plaintiff And Aggrieved Employees Against All Defendants)

51.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

52.     Labor Code section 226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide a timely and uninterrupted meal period. Employees are entitled to meal period of at least thirty 30 minutes per 5-hour work period.

53.     Plaintiff and Aggrieved Employees consistently worked more than 5-hour shifts and worked many 10- and 15-hour shifts requiring the provision of up to three paid meal breaks.  However, they were not provided with timely and uninterrupted meal breaks.

54.     Pursuant to Code section 226.7, Plaintiff is entitled to damages in an amount equal to one hour of wages per missed meal break, in an amount according to proof.

### SIXTH CAUSE OF ACTION
(Failure to Provide Rest Breaks, Cal. Lab. Code §§ 226.7
On Behalf of Plaintiff And Aggrieved Employees Against All Defendants)

55.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

56.     Labor Code Section 226.7 requires an employer to pay an additional hour of compensation for each rest period the employer fails to provide a compliant rest period.  Employees are entitled to a rest period of ten minutes for every four hours worked or major fraction thereof.

57.     Plaintiff and Aggrieved Employees consistently worked between 3 to 4, 4-hour shifts per day.  However, they were frequently unable to take such breaks and when they were taken, they were tardy or interrupted with work.

58.     Pursuant to Code section 226.7, Plaintiff is entitled to damages in an amount equal to one hour of wages per missed rest break, in an amount according to proof.

**SEVENTH CAUSE OF ACTION**
(Unfair Business Practices Business and Professions Code section 17200 *et seq.*
On Behalf of Plaintiff Against All Defendants)

59.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

60.     Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff alleges that Defendants engaged in unfair business practices in California by the above-described failure to pay minimum wage and willful misclassification of employees as exempt.

61.     Defendants' violation of California wage and hour laws as herein articulated constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Aggrieved Employees.

62.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Aggrieved Employees and members of the public. Defendant should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and the Aggrieved Employees.

63.     The actions of Defendants entitle Plaintiff to seek the remedies available under section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by FLP by means of the unfair practices complained of herein. Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

**EIGHTH CAUSE OF ACTION**
(Failure to Provide Employment Records Upon Request Cal. Lab. Code §226(b)
On Behalf of Plaintiff And Against All Defendants.)

64.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

65.     Pursuant to Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

66.     Plaintiff has requested that Defendants permit inspection or copying of their employment records pursuant to Code section 226(b).  Defendants have failed to provide Plaintiff with an opportunity to inspect or copy their employment records within 21 days of his requests.  Defendants have not produced any records at all.

67.     Pursuant to Code Section 226(b) and (f), Plaintiff is entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty dollar ($750) penalty for each violation, reasonable attorney's fees, and the costs of bringing this cause of action.

### NINTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code §1198.5
On Behalf of Plaintiff And Against All Defendants)

68.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

69.     Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the personnel records pertaining to that current or former employee, upon reasonable request to the employer.

70.     Plaintiff has requested that Defendants permit inspection or copying of his personnel records pursuant to Code section 1198.5.  Defendants have failed to provide Plaintiff with an opportunity to inspect or copy the employment records within 30 days of his request.

71.     Pursuant to Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

### TENTH CAUSE OF ACTION
(Failure to Reimburse Necessary Expenses, Cal. Lab. Code §2802
On Behalf of Plaintiff And Aggrieved Employees Against All Defendants)

72.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

73.     Plaintiff and Aggrieved Employees were required to pay for necessary expenses including but not limited to car, telephone, travel, photography expenses.

74.     The failure of Defendants to indemnify Plaintiff and Aggrieved Employees for necessary expenditures violates section 2802 of the Code.

75.     Accordingly, Plaintiff is entitled to damages in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance Code section 2802(c).

**ELEVENTH CAUSE OF ACTION**
California Labor Code § 2698 et seq. Civil Penalties
(On Behalf of Plaintiffs, the California Labor & Workforce Development Agency and Aggrieved Employees Against All Defendants)

76.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

77.     Pursuant to section 2699.3(a)(1) of the Code, on March 28, 2019, Plaintiff submitted his PAGA Claim Notice online to the California Labor and Workforce Development Agency ("LWDA") and notified the LWDA of the specific provisions of the Code alleged to have been violated by Defendants, including the theories set forth in the Complaint.  Also on that day, Plaintiffs gave written notice by certified mail to Defendants.  The waiting period required by California Labor Code § 2699.3(a)(2)(A) has expired.

78.     Plaintiff seeks to represent all other persons who were improperly misclassified as an independent contractor, from the period starting one year prior to the time that notice was given to the LWDA regarding Defendants Code violations, on March 28, 2019 ("Aggrieved Employees").

79.     At all relevant times, Code section 2699.3(a)(2)(A) provided:

The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to Paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to Paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A). After sixty-five (65) calendar days from the March 28, 2019 postmark date of the notice sent by Plaintiff, Plaintiff may "commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

80.     Plaintiff contends that sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 558.1, 1174, 1194, 1198, 2802, and 2699 et seq. of the Labor Code and Wage Order 4 enable Plaintiff and Aggrieved Employees to recover civil penalties under PAGA, as well as attorney's fees and costs, from Defendants, through a civil action on behalf of himself and others.

81.     Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in Arias v. Superior Court, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

82.     Plaintiff will seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

a.      **Failure to timely pay wages during employment to Plaintiff and Aggrieved Employees in violation of Labor Code §§ 204 and 210**.  Plaintiff was not compensated twice during each calendar month for wages earned by the times prescribed by section 204.  Plaintiff contends that the failure of Defendants to make timely payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 210 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her timely wages during their employment is entitled to civil penalties.  Labor Code section 210 provides for a penalty of $100 for each initial violation and $200 for each subsequent, or willful or intentional violation plus 25 percent of the amount unlawfully withheld.

b.      **Failure to pay wages and/or final wages to Plaintiff and Aggrieved Employees in violation of Labor Code §§ 201, 202, and 203**. With respect to violations of Labor Code §§ 201 and 202, Plaintiff contends that the failure of Defendant to make final payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties. Labor Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

c.      **Failure to provide itemized wage statements to Plaintiff and Aggrieved Employees in violation of Labor Code § 226(a).** Plaintiff and other Aggrieved Employees have not been provided a

19

1   wage statement as required by Labor Code section 226(a). The foregoing was the intentional misconduct

2   of Defendant that was intended to mislead and injure Plaintiff and other Aggrieved Employees insofar as

3   they were subjected to confusion and deprived of information to which they were legally entitled. Section

4   226.3 provides for a civil penalty of $250 per employee per violation in an initial violation and $1,000 per

5   employee for each violation in a subsequent violation, for which the employer fails to provide the

6   employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section

7   226.

8       d.      **Failure to provide proper rest and meal periods to Plaintiff and Aggrieved**

9   **Employees.** Plaintiff and Aggrieved Employees were not provided with timely meal and rest periods in

10  violation of Labor Code section 226.7 and the applicable Wage Order 4, sections 11 and 12. Labor Code

11  section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial

12  violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code

13  provisions for which a civil penalty is not specifically provided.

14      e.      **Failure to reimburse necessary business expenses under Labor Code § 2802.** Plaintiff

15  and Aggrieved Employees were not reimbursed for necessary business expenses.  Labor Code section

16  2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations,

17  and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions

18  for which a civil penalty is not specifically provided.

19      f.      **Failure to pay minimum and overtime wages to Plaintiff and Aggrieved Employees**

20  **in violation of Labor Code §§ 510, 558, 1194, and 1198.** Both late payment and non-payment of

21  minimum wages violate the state statute requiring the payment of a minimum hourly wage.  Labor Code

22  section 558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50)

23  for initial violations for each underpaid employee for each pay period for which the employee was

24  underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred ($100) for

25  subsequent violations for each underpaid employee for each pay period for which the employee was

26  underpaid in addition to an amount sufficient to recover underpaid wages.

27      g.      **Failure to keep complete and accurate payroll records.** Failure to keep complete and

28  accurate payroll records relating to Plaintiff and Aggrieved Employees in accordance with California

Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor
Code section 1174(d). Labor Code Section 1174.5 imposes a civil penalty of $500 for a willful failure to
maintain accurate and complete records required by section 1174(d).

### TWELFTH CAUSE OF ACTION
(Breach of Contract
On Behalf of Plaintiff And Against All Defendants)

83.     Plaintiff realleges and incorporates herein by reference the allegations contained in this
Complaint as though fully set forth herein.

84.     The written contract upon which this action is based was made and was to be performed
in the County of Los Angeles, State of California.

85.     Plaintiff entered into agreements under which Defendants agreed to pay Plaintiff a pre-set
commission for Plaintiff's photographs which are sold by Defendants.

86.     Plaintiff has performed all of the conditions, covenants and promises required to be
performed in accordance with the terms and conditions of the contracts, except for those conditions,
covenants and promises which have been prevented or otherwise excused by Defendants' conduct.

87.     Defendants, and each of them, have materially breached their oral agreements with
Plaintiff by, among other things, failing and refusing to perform in good faith their promise to facilitate
payment of earned commissions to Plaintiff.

88.     As a result of the breach of the Defendants, and each of them, in the obligations pursuant
to the oral contracts, Plaintiff has sustained damages in an amount in excess of $25,000.00 with interest
thereon at the maximum legal rate. When Plaintiff has ascertained the full amount of his damages,
Plaintiff will seek leave of Court to amend this Complaint accordingly.

89.     Plaintiff has, at all times, been ready, willing and able to perform all of the conditions of
the agreement to be performed by Plaintiff.

90.     Demand has been made on Defendants, and each of them, for performance of said
employment contract, but Defendants, and each of them have failed and refused and continue to fail and
refuse, to perform.

91.    Defendants, and each of them, have therefore breached their oral contract with Plaintiff. They did so without reason, logic or good faith, and for the purpose, among others, of frustrating Plaintiff's enjoyment of the benefits of her contract with Defendants. Accordingly, Defendants breached their implied duty of good faith and fair dealing.

As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered and continues to suffer losses in earnings to its damage in excess of the minimum subject matter jurisdiction of this Court and according to proof

### THIRTEENTH CAUSE OF ACTION
(Demand for Accounting

On Behalf of Plaintiff And Against All Defendants)

92.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

93.    A fiduciary relationship exists between Defendants and Plaintiff in that Defendants are obligated to collect money for Plaintiff's account.

94.    A balance is due from the Defendants to the Plaintiff based upon the breach of contract that can only be ascertained by an accounting.

95.    Defendants should be compelled to account to Plaintiff for the moneys due.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Aggrieved Employees' wages was in violation of sections 201 and 202 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants in favor of Plaintiffs and Aggrieved Employees. That judgment be entered in favor of Plaintiff in an amount according to law and proof, at least $10,000, with costs and reasonable attorneys' fees, all in accord with the provisions of California Labor Code section 218.5.

2.    That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff against Defendants in the sum of $50 or according to proof.  That judgment be entered in favor of Plaintiff and Aggrieved Employees according to proof, including interest thereon, reasonable attorneys'

1 │ fees and cost of suit.

2 │     3.    That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and
3 │ Aggrieved Employees according to proof, including interest thereon, reasonable attorneys' fees and cost
4 │ of suit, and enter judgment against Defendants in the amount of $50,000, according to proof, interest
5 │ thereon, reasonable attorneys' fees and cost of suit.

6 │     4.    That, under the Fourth Cause of Action, this Court enter judgment in favor of Plaintiff
7 │ and Aggrieved Employees according to proof, reasonable attorneys' fees and cost of suit, and enter
8 │ judgment against Defendants in the amount of damages, interest, costs, and reasonable attorneys' fees in
9 │ accordance with the provisions of law, at least $1,000.

10 │     5.    That, under the Fifth Cause of Action, this Court enter judgment in favor of Plaintiff and
11 │ Aggrieved Employees and award them their damages, penalties, attorney's fees, and costs of suit, all
12 │ according to proof in the amount of at least $17,000, pursuant to section 218.5 and other relevant
13 │ sections of the Labor Code.

14 │     6.    That, under the Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and
15 │ Aggrieved Employees and award them their damages, penalties, attorney's fees, and costs of suit, all
16 │ according to proof in the amount of at least $17,000, pursuant to section 218.5 and other relevant
17 │ sections of the Labor Code.

18 │     7.    That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of
19 │ Plaintiff and Aggrieved Employees against Defendants in the amount according to proof.  Plaintiff seeks
20 │ full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and
21 │ all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair
22 │ practices complained of herein.  Plaintiff, on behalf of himself, as well as on behalf of the general
23 │ public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5
24 │ of the Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

25 │     8.    That, with respect to the Eighth Cause of Action, this Court enter judgment in favor of
26 │ Plaintiff against Defendants of $750, reasonable attorney's fees, and the costs of bringing this cause of
27 │ action under Labor Code Section 226(b) and (f).

28 │     9.    That, with respect to the Ninth Cause of Action, this Court enter judgment in favor of

1   Plaintiff against Defendants $750, reasonable attorney's fees, and the costs of bringing this cause of

2   action pursuant to Labor Code Section 1198.5(k).

3         10.     That, with respect to the Tenth Cause of Action, this Court enter judgment in favor of

4   Plaintiff and Aggrieved Employees against all Defendants in an amount of at least $25,000 according to

5   proof, interest thereon, costs and reasonable attorney's fees in accordance California Labor Code section

6   2802(c).

7         11.     That, with respect to the Eleventh Cause of Action this Court award Plaintiff, the State of

8   California, and other former and current Aggrieved Employees their civil penalties, attorney's fees, and

9   costs of suit, all according to proof, pursuant to sections 201, 202, 203, 204, 210, 226, 226.7, 512, 558,

10   558.1, 1174, 1194, 1197, 1198 and 2699 et seq. of the Labor Code and the applicable Wage Orders as

11   heretofore articulated.

12        12.     That, with respect to the Twelfth Cause of Action this Court award Plaintiff damages,

13   attorney's fees, and costs of suit, all according to proof.

14        13.     That, with respect to the Thirteenth Cause of Action this Court order an accounting.

15        14.     That, with respect to alleged copyrights granted to Defendants by Plaintiff, that the

16   copyrights be declared null and void based upon Defendants' non-performance.

17        15.     For such further relief as the Court may order, including attorney's fees, costs, and

18   interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5,

19   in an amount according to proof.

20   DATED: June 3, 2019                HARRIS & RUBLE

21

22                                        */s/ Alan Harris*
                                       Alan Harris

23                                        *Attorney for Plaintiff*

24

25

26

27

28

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/10/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Romunda Clifton _____ Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
19STCV12621

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Dennis J. Landin | 51 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 04/12/2019
(Date)

By Romunda Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                        (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

---
(TYPE OR PRINT NAME)

Date:

---
(TYPE OR PRINT NAME)

Date:

---
(TYPE OR PRINT NAME)

Date:

---
(TYPE OR PRINT NAME)

Date:

---
(TYPE OR PRINT NAME)

Date:

---
(TYPE OR PRINT NAME)

Date:

---
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

---
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.

Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.

NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**

https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit

http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement

For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/12/2019 |
|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>111 North Hill Street, Los Angeles, CA 90012 | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Alison Alba _____ Deputy |
| PLAINTIFF:<br>Karl Larsen |  |
| DEFENDANT:<br>Mark Coleman et al |  |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>19STCV12621 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date:<br>07/11/2019 | Time:<br>8:30 AM | Dept.:<br>51 |
|---|---|---|

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appe          Case
Management Conference, the Court may impose sanctions, pursuant                         edure
sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Cod                        les of
Court, rule 2.2 et seq.

Dated: __04/12/2019__

_Dennis J. Landin / Judge_
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Alan Harris
655 N Central Ave Fl 17
Glendale, CA 91203

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __04/12/2019__

By _Alison Alba_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
dgarrett@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiff Karl Larsen

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KARL LARSEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLEMAN - RAYNER, LLC, a California Limited Liability Company; MARK COLEMAN, an individual; JEFF RAYNER, an individual; and DOE 1 through DOE 10,<br><br>Defendants. | Case No: 19STCV12621<br>*Assigned to the Hon. Dennis J. Landin, Dept. 51*<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE**<br><br>Date: July 11, 2019<br>Time: 8:30 a.m.<br>Place: Dept. 51<br>    Stanley Mosk Courthouse<br>    111 North Hill Street<br>    Los Angeles, CA 90012 |

TO EACH PARTY AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE that the Court has scheduled a case management conference in this matter for July 11, 2019, at 8:30 a.m. in Department 51 of the Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, California 90012.

DATED: June 3, 2019                           HARRIS & RUBLE

                                              /s/ Alan Harris
                                              Alan Harris
                                              *Attorney for Plaintiff*

Electronically FILED by Superior Court of California, County of Los Angeles on 06/12/2019 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:19-cv-05907-MWF-GJS   Document 1-2   Filed 07/09/19   Page 42 of 48   Page ID #:80

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Alan Harris (SBN 146079) <br> HARRIS & RUBLE <br> 655 N. Central Ave. 17th Floor <br> Glendale, California 91203 <br> TELEPHONE NO.: (323) 962-3777  FAX NO. *(Optional):* (323) 962-3004 <br> E-MAIL ADDRESS *(Optional):* harrisa@harrisandruble.com <br> ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles <br> STREET ADDRESS: 111 N. Hill Street <br> MAILING ADDRESS: 111 N. Hill Street <br> CITY AND ZIP CODE: Los Angeles, CA 90012 <br> BRANCH NAME: Stanley Mosk Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Karl Larsen | **CASE NUMBER:** |
| DEFENDANT/RESPONDENT: Coleman - Rayner, LLC et al | 19STCV12621 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Case Assignment, Notice of CMC on July 11, 2019

3. a. Party served *(specify name of party as shown on documents served):*

   Coleman - Rayner, LLC, a California Limited Liability Company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Mark Coleman, Authorized Agent

4. Address where the party was served:
   6345 Balboa Boulevard, Suite 214, Encino, CA 91316

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/12/2019   (2) at *(time):* 12:14 pm
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Karl Larsen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Coleman - Rayner, LLC et al | 19STCV12621 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Coleman - Rayner, LLC, a California Limited Liability Company
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: 17701.16 et seq |

7. **Person who served papers**
  a. Name: Max Myers
  b. Address: 655 N. Central Ave. 17th Floor, Glendale, CA 91203
  c. Telephone number: (323) 962-3777
  d. **The fee** for service was: $ 60
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 12, 2019

Max Myers                 ▶    */s/ Max Myers*
_____        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

Electronically FILED by Superior Court of California, County of Los Angeles on 06/12/2019 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:19-cv-05907-MWF-GJS   Document 1-2   Filed 07/09/19   Page 44 of 48   Page ID #:82

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alan Harris (SBN 146079)<br>HARRIS & RUBLE<br>655 N. Central Ave. 17th Floor<br>Glendale, California 91203<br>TELEPHONE NO.: (323) 962-3777   FAX NO. *(Optional):* (323) 962-3004<br>E–MAIL ADDRESS *(Optional):* harrisa@harrisandruble.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: 111 N. Hill Street |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Karl Larsen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Coleman - Rayner, LLC et al | 19STCV12621 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Case Assignment, Notice of CMC on July 11, 2019

3. a. Party served *(specify name of party as shown on documents served):*
      Mark Coleman

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   6345 Balboa Boulevard, Suite 214, Encino, CA 91316

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/12/2019   (2) at *(time):* 12:14 pm
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 06/12/2019 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:19-cv-05907-MWF-GJS   Document 1-2   Filed 07/09/19   Page 45 of 48   Page ID #:83

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Alan Harris (SBN 146079)<br>HARRIS & RUBLE<br>655 N. Central Ave. 17th Floor<br>Glendale, California 91203<br>TELEPHONE NO.: (323) 962-3777    FAX NO. *(Optional):* (323) 962-3004<br>E–MAIL ADDRESS *(Optional):* harrisa@harrisandruble.com<br>ATTORNEY FOR *(Name):* Plaintiff | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles<br>STREET ADDRESS:  111 N. Hill Street<br>MAILING ADDRESS:  111 N. Hill Street<br>CITY AND ZIP CODE:  Los Angeles, CA 90012<br>BRANCH NAME:  Stanley Mosk Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Karl Larsen<br><br>DEFENDANT/RESPONDENT:  Coleman - Rayner, LLC et al | CASE NUMBER:<br>19STCV12621 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Case Assignment, Notice of CMC on July 11, 2019

3. a. Party served *(specify name of party as shown on documents served):*
   Jeff Rayner

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   6345 Balboa Boulevard, Suite 214, Encino, CA 91316

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                     (2) at *(time):*
   b. ☑ **by substituted service.** On *(date):* 6/12/2019   at *(time):* 12:14 p   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Mark Coleman, business partner
      (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.
      (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 6/12/19   from *(city):* Los Angeles   **or** ☐ a declaration of mailing is attached.
      (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER:  Karl Larsen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Coleman - Rayner, LLC et al | 19STCV12621 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name:  Max Myers
  b. Address:  655 N. Central Ave. 17th Floor, Glendale, CA 91203
  c. Telephone number:  (323) 962-3777
  d. **The fee** for service was: $ 60
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  June 12, 2019

Max Myers                     ▶   */s/ Max Myers*
_____        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

**Declaration of Due Diligence**

I, MAX MYERS, declare:

1.  On June 11, 2019 at around 11:49 a.m., I arrived at 4343 Finley Ave., Apt 31, Los Angeles CA 90027, Jeff Rayner's home address.  I spoke to him on the intercom and he informed me that he was not at home. I left a copy of the documents at the door.

2.  On June 11, 2019 at around 12:54 p.m., I arrived at 6345 Balboa Boulevard, Suite 214, Encino CA 91316, Jeff Rayner's business address.  Grace Williamson, his wife informed me that he was not in so I left the papers with her.

3.  On June 12, 2019, at around 12:14 p.m., I arrived at 6345 Balboa Boulevard, Suite 214, Encino CA 91316, Jeff Rayner's business address.  Jeff was not there but his business partner, Mark Coleman, was there.  I left the papers with him.

4.  I mailed the complaint, summons and other documents to Jeff Rayner's business address on June 12, 2019.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Date: June 12, 2019             _____/s/ Max Myers_____

                                        Max Myers

| PLAINTIFF/PETITIONER: Karl Larsen | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Coleman - Rayner, LLC et al | 19STCV12621 |

5.   c.   [ ]   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*     (2) from *(city):*

   (3) [ ]   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) [ ]   to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.   [ ]   **by other means** *(specify means of service and authorizing code section):*

    [ ]   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   [✔]   as an individual defendant.
  b.   [ ]   as the person sued under the fictitious name of *(specify):*
  c.   [ ]   as occupant.
  d.   [ ]   On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)    [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)    [ ] 415.46 (occupant)
                                [ ] other:

7.   **Person who served papers**
  a.   Name:  Max Myers
  b.   Address:   655 N. Central Ave. 17th Floor, Glendale, CA 91203
  c.   Telephone number:  (323) 962-3777
  d.   **The fee** for service was: $ 60
  e.   I am:
    (1) [ ]   not a registered California process server.
    (2) [✔]   exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ]   a registered California process server:
      (i)   [ ]  owner  [ ]  employee  [ ]  independent contractor.
      (ii)  Registration No.:
      (iii) County:

8.   [✔]   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.   [ ]   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  June 12, 2019

Max Myers         ▶   */s/ Max Myers*
_____        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )