EXHIBIT 4

Electronically FILED by Superior Court of California, County of Los Angeles on 07/08/2019 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

H. MARC RUPP #198871
HOWARD M. RUPP, APLC
615 N PAULINA AVE.
REDONDO BEACH, CA  90277
Telephone:  (310) 903-8497
Facsimile:   (310) 733-5663

Attorney for Defendants
COLEMAN-RAYNER, LLC, MARK COLEMAN,
and JEFF RAYNER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| KARL LARSEN, individual, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>COLEMAN-RAYNER, LLC, a California Limited Liability Company; MARK COLEMAN, an individual; JEFF RAYNER, an individual; and DOE 1 though DOE 10,<br><br>Defendants. | CASE NO.  19STCV12621<br><br>**ANSWER OF DEFENDANTS COLEMAN-RAYNER, LLC, MARK COLEMAN, AND JEFF RAYNER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** |

Defendants COLEMAN-RAYNER, LLC, MARK COLEMAN, and JEFF RAYNER (collectively "Defendants") hereby answer the First Amended Complaint (the "Complaint") of Plaintiff as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny both generally and specifically each and every allegation of Plaintiff's Complaint and each and every cause of action in the Complaint.  Defendants further specifically deny that Plaintiff was damaged in the sum or sums alleged, or in any sum whatsoever, or at all.  Defendants specifically deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever against Defendants.

### DEFENSES

As separate and distinct defenses to Plaintiff's alleged causes of action, and each of them, Defendants, without conceding that they bear the burden of proof as to any of them, and without in any way admitting any of the allegations of the Complaint, allege as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      As a first, separate and affirmative defense, the Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against the answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.      As a second, separate and affirmative defense, any and all conduct of which Plaintiff complains, which is attributed to Defendants, was at all times privileged and/or justified under California law, undertaken in good faith in just and proper exercise of managerial discretion and/or business judgment for legitimate business reasons, such as Plaintiff's failure to properly carry out all the duties required under the independent contractor relationship between the parties.  Plaintiff's injuries or damages, if any, were not caused by Defendants.

### THIRD AFFIRMATIVE DEFENSE

3.      As a third, separate and affirmative defense, Plaintiff is barred from relief in this action under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4.     As a fourth, separate and affirmative defense, Plaintiff is barred from relief in this action under the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5.     As a fifth, separate and affirmative defense, Plaintiff is barred from relief in this action under the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6.     As a sixth, separate and affirmative defense, Plaintiff is barred from relief in this action under the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

7.     To the extent that a legal determination is made that Plaintiff was an employee of Defendants (which Defendants deny), as a seventh, separate and affirmative defense, to the extent Plaintiff seeks damages for purported workplace injuries, the exclusive remedy for such injuries is the Workers' Compensation Act of the State of California, Labor Code section 3200, *et seq*.

### EIGHTH AFFIRMATIVE DEFENSE

8.     As an eighth, separate and affirmative defense, Defendants allege that Plaintiff failed to exhaust his administrative remedies, including failure to provide sufficient notice within his Private Attorney General Act ("PAGA") required notification letter, and/or avail himself of internal grievance procedures.

### NINTH AFFIRMATIVE DEFENSE

9.     As a ninth, separate and affirmative defense, the doctrine of after acquired evidence bars Plaintiff's claims or, at a minimum, limits and reduces his alleged damages.  Discovery will soon commence and Defendants believe that they will uncover after acquired evidence.

### TENTH AFFIRMATIVE DEFENSE

10.     As a tenth, separate and affirmative defense, Defendants allege that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions and expectations required of him pursuant to the parties' independent contractor relationship.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh, separate and affirmative defense, this action is barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340, 343 Cal. Labor Code § 200 *et seq* and California Labor Code § 1171, Government Code § 12960 *et seq* and California Penal Code sections 799-803.  Additionally, to the extent Plaintiff's Complaint contains allegations about events outside the limitations period and, to the extent Plaintiff's claims are based on those events, they are barred.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth, separate and affirmative defense, the liability of Defendants, if any, for non-economic damages claimed by Plaintiff is limited by Civil Code § 1431.1 *et seq*.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth, separate and affirmative defense, Plaintiff's employment-based claims are precluded because he was not an employee of any of Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a fourteenth, separate and affirmative defense, Plaintiff's damages, if any, herein must be reduced by the extent to which Plaintiff has failed to mitigate his alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a fifteenth, separate and affirmative defense, Plaintiff is not entitled to waiting time payment pursuant to Cal. Lab. Code §§ 201, 202, and 203 as Plaintiff was not employed by Defendants and any failure to pay alleged wages was not willful.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a sixteenth, separate and affirmative defense, Plaintiff was not entitled to meal and rest breaks as required under California law because he was an independent contractor, but even if he were, Defendants did not prevent him from taking such breaks.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a seventeenth, separate and affirmative defense, Plaintiff's claims are barred because Plaintiff was properly paid pursuant to the contractual relationship between the parties and in accordance with the law.  Plaintiff was properly classified as an independent contractor and is

not able to recover employment-related business expenses under Labor Code § 2802, or other applicable employment statute.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As an eighteenth, separate and affirmative defense, Plaintiff has alleged damages that are speculative, uncertain and ambiguous, and as such, said damages may not be recovered. Additionally, Plaintiff has not attached the applicable agreement to his Complaint in connection with his Causes of Action for Breach of Contract and an Accounting.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a nineteenth, separate and affirmative defense, Plaintiff's claims for civil, regulatory and/or statutory penalties are barred because Plaintiff did not comply with all the statutory requirements for bringing such claims.  Cal. Labor Code § 2698 *et seq.*

### TWENTIETH AFFIRMATIVE DEFENSE

20.     As a twentieth, separate and affirmative defense, Plaintiff's recovery of civil penalties for some of the claims made under PAGA is barred because PAGA does not provide relief for those claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As a twenty-first, separate and affirmative defense, any award of civil penalties that otherwise could be made under PAGA must not be made, or at worst, must be made in a lesser amount, pursuant to California Labor Code § 2699(e)(2).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     As a twenty-second, separate and affirmative defense, to the extent Plaintiff's claims are based on Labor Code § 558.1, they must be barred because Plaintiff was not employed by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     As a twenty-third, separate and affirmative defense, Plaintiff is not entitled to an award of Attorneys' Fees and Costs. See Code of Civil Procedure Section 1033(a); *See also Chavez v. City of Los Angeles* (2010) 47 Cal. 4th 970, 970.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     As a twenty-fourth, separate and affirmative defense, any award of restitution under California Business & Professions Code Sections 17200 *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19 of the California Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     As a twenty-fifth, separate and affirmative defense, Plaintiff's Cause of Action for violation of Business & Professions Code § 17200 *et. seq*, that was filed as a representative action should be dismissed.  As stated in *Arias v. Superior Court* (2009) 46 Cal. 4th 969 "a private party may pursue a representative action under the unfair competition law only if the party complies with Section 382 of the Code of Civil Procedure."

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     As a twenty-sixth, separate and affirmative defense, Plaintiff's Cause of Action for violation of PAGA should be dismissed because of the multitude of individualized assessments that would be necessary would make any trial of a collective action unmanageable such that there would not be a well-defined community of interest if tried as a collective action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     As a twenty-seventh, separate and affirmative defense, Plaintiff's purported causes of action under California Business and Professions Code § 17200 *et seq.*, and PAGA are unconstitutionally vague under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     As a twenty-eighth, separate and affirmative defense, although Defendants deny that they committed or have responsibility for any act that could support recovery under the PAGA, if and to the extent, any such liability is found, recovery against Defendants under PAGA is unconstitutionally excessive and violates Defendants' due process rights.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     As a twenty-ninth, separate and affirmative defense, the purported cause of action under the PAGA is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

## THIRTIETH AFFIRMATIVE DEFENSE

30.     As a thirtieth, separate and affirmative defense, Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, are not entitled to recovery of penalties under the PAGA to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     As a thirty-first, separate and affirmative defense, this court lacks jurisdiction over some or all of the Plaintiff's claims because they are preempted by federal law, and specifically, the United States Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiffs, as follows:

i)      That Plaintiffs takes nothing by his Complaint;

ii)     That the Complaint be dismissed;

iii)    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint, including but not limited to denial of any claims for compensatory and punitive damages as well as attorneys' fees and costs of suit;

iv)     For costs of suits incurred herein including reasonable attorneys' fees; and

v)      For such other and further relief as the Court deems just, proper and equitable.

DATED:      July 8, 2019          H. MARC RUPP

By:_____
Attorney for Defendants
COLEMAN-RAYNER, LLC, MARK COLEMAN,
and JEFF RAYNER
.

## PROOF OF SERVICE BY MAIL
(19STCV12621)

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 615 N Paulina Ave, Redondo Beach, CA  90277.

On July 8, 2019, I served the following document described as:

**ANSWER OF DEFENDANTS COLEMAN-RAYNER, LLC, MARK COLEMAN, AND JEFF RAYNER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

**BY MAIL** on the following party to this action by enclosing a true copy of the above document in a sealed envelope addressed as follows:

Alan Harris
David Garrett
Min Ji Gal
Harris & Ruble
655 N Central Ave., 17th Floor
Glendale, CA  91203

I placed such envelope with postage thereon fully prepaid for deposit in the United States mail with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 8, 2019 at Redondo Beach, California.

_M. Rupp_

 H. Marc Rupp_____          _____
(Type or print name)                                          (Signature)

ANSWER